(108 App. Div. 322.)

JEWETT v. SCHMIDT et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. JUDGMENT—PERSONS CONCLUDED.

Where, in an action for the construction of a will, children of a certain legatee were made parties, and the judgment determined that on the death of such person the fund in question would go to her issue living at her death, in a subsequent suit involving the same fund and between the same parties it was not necessary that two of the children, who had died without issue prior to the commencement of the action, be made parties by their representative.

2. REFERENCE—PARTIES.

In a suit for the appointment of a person to execute a testamentary trust and for an accounting by those who had obtained possession of the fund under color of letters of administration, an interlocutory judgment dismissed the complaint as to a certain infant; and on an appeal by the administratrix, she stated that she did not appeal from that part of the judgment dismissing the complaint as to the infant, nor did the infant appeal. The interlocutory judgment in favor of plaintiff was affirmed, and the administratrix objected to the confirmation of the referee's report and final judgment on the ground that the infant had not been given notice of the application or of the hearings before the referee. *Held,* that the infant was out of the action, and it was not necessary to give further notice to her or her guardian ad litem.

3. JUDGMENT—ENTRY NUNC PRO TUNC.

Where an infant born after application for final judgment was submitted was a necessary party, the court had authority to direct the entry of judgment nunc pro tunc, in order to obviate any difficulty arising during the court's retention of the case for consideration.

4. JUDGES—TERM OF OFFICE—EXPIRATION—JUDGE AS OWN SUCCESSOR.

Where the justice before whom a motion for final judgment was made, and who ordered a reargument, had been re-elected, and his prior term

of office expired and his new term began intermediate the order for reargument and the hearing, the proceeding might be continued before him.

Appeal from Special Term, New York County.

Action by Elise M. Jewett against Melinda P. Schmidt, individually and as executrix of the will of George Parbury Pollen, and others. From a judgment in favor of plaintiff, defendant Melinda P. Schmidt appeals. Affirmed.

See 92 N. Y. Supp. 737.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and INGRAHAM, JJ.

Barclay E. V. McCarty, for appellant.

Thomas J. Falls, for respondent Jewett.

Walter Carroll Low, for respondent Fritz Leopold Schmidt, Jr.

McLAUGHLIN, J. This appeal is from a final judgment. The case was before us on appeal from the interlocutory judgment (83 App. Div. 276, 82 N. Y. Supp. 49), and it is necessary here to state only such facts as bear upon the points now raised. After the affirmance of the interlocutory judgment by this court and its refusal to permit an appeal to the Court of Appeals (86 App. Div. 627, 83 N. Y. Supp. 1108), the accounting under the provisions of the interlocutory judgment proceeded before a referee, who, on August 26, 1903, filed a report, and the plaintiff moved for confirmation and for final judgment. The appellant objected to the confirmation of the referee's report and to the entry of final judgment:

First. Upon the ground that the representatives of George Parbury Pollen Schmidt and John William Schmidt, two of her children who had died without issue prior to the commencement of the action, were not made parties, and insisted that no determination could be had without their presence. The court overruled the objection and denied the motion to add them as parties defendant, and we think properly. In an action brought by the executors of the will of George Parbury Pollen Schmidt in 1879 for a construction of that instrument, these deceased children of the appellant were made parties, and in the judgment rendered therein it was determined that on the death of the two daughters of the testator, one of whom is this appellant, the fund set apart for her use should go to her legal issue living at the time of her decease. This judgment so construing the provisions of the will and determining the rights of the several legatees is binding upon the parties and a conclusive answer to the claim that representatives of children of the appellant, who had predeceased her without issue, should be made parties. There is also an additional answer to the appellant's contention in this respect, and that is that in the complaint in this action, which omitted as parties the representatives of the deceased children of appellant, an allegation was inserted that "all persons having any vested or contingent interest in the principal or income of said trust fund are parties to this action." The appellant, by her answer, expressly admitted this allegation, and she did not set up any defense

of defect of parties defendant. She is, therefore, not in a position to claim that the representatives named should have been made parties. Besides, the action was not brought to determine the ultimate rights of the various parties to the trust fund left by the testator, but rather to establish the fact that the fund constituted a trust, and for an accounting of the moneys in the hands of the appellant as administratrix with the will annexed, and for the appointment of a trustee.

Second. The appellant further objected to the confirmation of the report and the final judgment upon the ground that the infant defendant Melinda Parbury Schmidt, a daughter of Fritz Leopold Schmidt, Jr., had not been given notice of the application therefor nor of the hearings before the referee on the accounting. It is a complete answer to this objection that the interlocutory judgment dismissed the complaint as to this party. In the appellant's appeal from the interlocutory judgment she expressly stated in her notice of appeal that she did not appeal from that part of the judgment which dismissed the complaint as to such infant. The infant against whom the complaint was dismissed did not appeal, and therefore she was out of the action, and no further notice need have been given to her or to her guardian ad litem, and it is to be noted that she has not appealed from the final judgment.

Third. The application for final judgment was submitted to the court on the 12th of January, 1904, and decision was not filed until January 14, 1905. In the meantime a son was born to the defendant Fritz Leopold Schmidt, Jr., who is known in the record as Parbury Pollen Schmidt. To avoid any embarrassment by reason of the birth of this child occurring during the necessary consideration of the case by the court, the final judgment was directed to be entered nunc pro tunc as of the date of the submission of the case. It is urged that the court had no power to do this. We think it had. The power of courts, whether of law or equity, to make entries of judgments or decrees nunc pro tunc in proper cases and in furtherance of the interests of justice, is one which has been recognized and exercised for a long time as a part of their jurisdiction. The exercise of this power is to prevent any event happening while the case is in the hands of the court which would otherwise deprive the successful party of his judgment. Black on Judgments, pars. 126, 127; Mitchell v. Overman, 103 U. S. 62, 26 L. Ed. 369, and authorities cited in the note. This newly born child was a brother of the infant in whose favor the complaint on the interlocutory judgment was dismissed, and stands in like relation to her. But, even if the father of the newly born child, the defendant Fritz Leopold Schmidt, Jr., was not the only necessary party, and if it were proper, or even necessary, that his children should also be made parties, the court had the power to direct the entry of the judgment nunc pro tunc as it did for the purpose of obviating any difficulty arising during its retention of the case for consideration.

Fourth. After the argument of the motion for final judgment and for confirmation of the referee's report, a reargument was ordered

for a time in the following January. The justice before whom the original motion was made, and who ordered the reargument, had been re-elected, and his prior term of office expired and his new term began on the 1st day of January, intermediate the order for reargument and the hearing. Objection was made that the proceeding could not be continued before him because his term of office had expired. This was overruled, and we think properly. The motion was made to the court, and the reargument directed to another court. Both Special Terms were held by the same justice, and the fact that his old term of office had expired and the new term immediately begun did not deprive him of the power to hold the court or entertain the motion. In Kelly v. Christal, 16 Hun, 242, it was held that where the term of a justice of the Supreme Court expired during a trial, and he immediately entered upon a new term under a re-election, that he had jurisdiction to conclude the trial and decide the case.

Finally, it is claimed that the final judgment is erroneous because it provides that the appellant shall turn over the accretions of the trust fund to the trustee appointed. The interlocutory judgment provided that the trustee therein appointed should take the fund, together with all accretions. On appeal the court affirmed such judgment, modifying it only to the extent of striking out the name of the trustee, and holding that the trust vested in the Supreme Court, and appointing the same trustee as a representative of the court to carry out its provisions. We are not, therefore, disposed to review our former decision affirming the interlocutory judgment.

The judgment and orders appealed from should be affirmed, with costs to the respondents against the appellant personally. All concur.