(No. 6894. November 3, 1941)

ANNA E. DONALDSON, and J. L. DONALDSON, Assignee of Anna E. Donaldson, Appellants, v. ORIN M. HENRY and EUNICE HENRY, his wife; H. E. SEVERNS and JANE DOE SEVERNS, his wife, Respondents.

(121 Pac. (2d) 445)

Rehearing denied February 4, 1942

Dunlap & Dunlap, for Appellants.

Scatterday & Scatterday and F. A. Hagelin, for Respondents.

HOLDEN, J.—August 24, 1928, Orin M. Henry and Eunice Henry, husband and wife, made, executed and delivered to Anna E. Donaldson certain promissory notes aggregating the sum of $1500.00 and to secure the payment of such notes executed and delivered a real estate mortgage upon certain lands located in Canyon County, Idaho, then owned by the Henrys.

May 27, 1933, she filed an application for leave to foreclose the mortgage in the District Court of the Seventh Judicial District of the State of Idaho, in and for Canyon County. It was thereby shown at the time the notes and mortgage were given it was represented the mortgaged

property was well worth the money borrowed; that notwithstanding this representation the mortgaged property was at that time unsaleable and practically worthless, and that the Henrys had abandoned it. On that showing the same day the application was filed, an order was made granting leave to foreclose.

June 5, 1933, complaint in foreclosure was filed against the Henrys and H. E. Severns and Jane Doe Severns, his wife, alleging on information and belief the Henrys had sold and conveyed their interest in the mortgaged property to the Severns, and that the Severns, by such conveyance, "assumed, promised and agreed to pay and perform each of the obligations of said notes and mortgages imposed upon the defendants Orin M. Henry and Eunice Henry." On the same day, to-wit, June 5, 1933, summons was issued and personally served on all these defendants in Canyon County, Idaho.

August 4, 1933, the case was tried by and before Hon. John C. Rice, then judge of the said district court. Decree of foreclosure was signed by the trial judge. It was dated August 3, 1933, a day before the case was tried, evidently a clerical mistake in that the case was not tried on the third day of August, but on the following day, August 4, 1933, on which date it was filed. An order of sale was thereafter issued directing the sheriff to sell and the sheriff accordingly sold the mortgaged property, following which a deficiency judgment was entered against respondents.

September 12, 1933, Judge Rice entered the following order:

" . . . whereas the court entertains grave doubt as to the validity of said Deficiency Judgment, it is ordered that execution of said deficiency judgment be stayed until the further order of the court."

October 23, 1933, appellant Anna E. Donaldson filed a motion to set aside the last above quoted order upon the grounds that the provisions of Chapter 150, 1933 Session Laws, were "inapplicable to the present case" and that the property was, "for all practical purposes, worthless," and for that reason was bought in at the sheriff's sale for a nominal sum.

The motion was heard November 18, 1933. November 21, 1933, Judge Rice entered the following order:

"It is ordered by the court that the said motion of plaintiff be, and the same is granted, and that that certain order made and entered herein September 12th, 1933, staying execution upon the deficiency judgment docketed herein, be, and the same is hereby vacated, set aside and held for naught."

December 15, 1933, appellant Anna E. Donaldson assigned the deficiency judgment to appellant J. L. Donaldson. Some years later, to-wit, October 26, 1939, the Henrys and Severns moved to vacate the deficiency judgment. October 31, 1939, the court (Hon. Thomas E. Buckner, District Judge, presiding) ordered the deficiency judgment vacated and set aside. Whereupon J. L. Donaldson appealed from that order to this court. (*Donaldson v. Henry,* 61 Idaho 634, 105 P. 2d 731.)

October 22, 1940, Anna E. Donaldson and J. L. Donaldson filed a motion in said court and cause to amend the decree of foreclosure entered August 4, 1933, nunc pro tunc. This motion was made upon the ground the judgment entered in said action August 4, 1933,

"was not the true judgment rendered by said court at said time and that said judgment as it now stands is the result of a clerical error or misprint, and does not show the true judgment as rendered by said court, nor conform to the intentions of the judge of said court when rendering said judgment; it being the judgment of said court at said time that the defendants, Orin M. Henry and H. E. Severns were personally liable for said mortgage debt, and that any deficiency remaining after the sale of said premises, plus interest, expense of foreclosure and costs be docketed against said defendants, Orin M. Henry and H. E. Severns, who are personally liable therefor."

November 25, 1940, the motion to amend was denied. This appeal is from the order denying the motion.

At the outset it should be stated the former appeal (*Donaldson v. Henry, supra*) to this court was from an order vacating a deficiency judgment entered by the clerk of the trial court against respondents. It was held on that

appeal the decree of foreclosure, as it stood, did not constitute a legal basis for the entry of a deficiency judgment, and the order vacating the deficiency judgment was, therefore, affirmed. The question was not presented on that appeal as to whether a trial court has the power to amend its own records so as to make the same conform to the facts and what was actually done at the time of the rendition and entry of its judgment.

Our first question on this appeal is: May a decree of foreclosure, defective as first entered in not naming the defendant personally liable for the payment of the mortgage debt, be amended at any time by adding a clause designating the defendant who is personally liable, where the record clearly shows who he is?

It is provided by Sections 1-1603 and 9-101, I. C. A., as follows:

[1-1603]   "Every court has power:

   1. . . . . . . . . . . .
   2. . . . . . . . . . . .
   3. . . . . . . . . . . .
   4. . . . . . . . . . . .
   5. . . . . . . . . . . .
   6. . . . . . . . . . . .
   7. . . . . . . . . . . .
   8.   To amend and control its process and orders, so as to make them conformable to law and justice."

[9-101]   "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the incumbered property (or so much thereof as may be necessary) and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale, and the amount due to the plaintiff; and sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption as in the case of sales under execution; and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant

or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases on which execution may be issued. * * * "

In *State v. Douglass,* 35 Idaho 140, 146, 208 P. 236, the question was presented as to whether a trial court had jurisdiction under Section 1-1603, supra, to make its record speak the truth; that is.to say, to make its record conform to the facts as to what action was actually taken by the court, in any case. In the discussion and determination of that question this court cited and quoted with approval our holding in an earlier case, *State v. Winter,* 24 Idaho, 749, 135 P. 739, as follows:

"It is a familiar and established doctrine that courts always have jurisdiction over their own records to make them conform to the facts and what was actually done at the time."

We further cited and approved *Gagnon v. United States,* 193 U. S. 451, 24 S. Ct. 510, 48 L. Ed. 745, wherein the court held "the power to amend its own records to correct mistakes of the clerk or other officers of the court, inadvertencies of counsel, *or to supply defects or omissions of the record,* even after the lapse of the term, is inherent in courts of justice." (Italics ours.)

Continuing the discussion of the jurisdiction of a trial court to make its record conform to the facts and what was actually done, we pointed out in the Douglass case, supra,

"In the exercise of this power the court is not authorized to do more than make its records correspond to the actual facts, and cannot under the form of amendment of its records correct a judicial error, or make of record an order or judgment that was in fact never given," to which we still adhere; but we then held, nevertheless, "It was clearly within the power of the trial court to correct its record so as to make it conform to the actual order made, even after the close of the term. *The power of the court to make such correction is not lost by lapse of time.* [Citing cases.] (Italics ours.) This power extends to criminal as well as civil cases. [Citing cases.]"

The pertinent parts of Section 246 of the early California Practice Act are identical with the pertinent parts

of Section 9-101, supra. In *Leviston v. Swan*, 33 Calif. 480, involving, as in the instant case, the amendment of a decree rendered and entered in a real estate mortgage foreclosure suit, where the question now under discussion was considered and determined, the California court said:

"Of what the judgment in a foreclosure case shall consist is declared in the two hundred and forty-sixth section of the Practice Act. All that it need or should contain, is a statement of the amount due the plaintiff—a designation of the defendants who are personally liable for the payment of the debt, and a direction that the mortgaged premises, or so much thereof as may be necessary, be sold according to law and the proceeds applied to the payment of the expenses of the sale, the costs of the action, and the debt. Nothing further is required. All else is ministerial and is expressly regulated by the statute, which is not made clearer or more binding by being copied into the judgment."

The court then held:

"The judgment in this case, as first entered, was defective in not designating the defendants who were personally liable for the debt; but inasmuch as the record shows who they were, the Court had the power to amend the judgment at any time by adding a clause designating the defendants who were personally liable."

We come now directly to the question: Does the record in the case at bar show clearly who is personally liable for the payment of the mortgage debt?

We turn to the record. It shows the complaint alleged the execution and delivery of a real estate mortgage by respondent Orin M. Henry (joined by his wife) to Anna E. Donaldson to secure the payment of certain notes totalling the sum of $1500.00; that there was due, owing and unpaid thereon a balance of $1100.00, with interest (confessed by his default); that the complaint prayed "that the usual decree may be made for the sale of the said premises by the sheriff of Canyon County, according to the law and the practice of this court, and that the proceeds of said sale be applied to the payment of the amounts due the plaintiff, * * * and that the plaintiff have judgment against the defendants *Orin M. Henry* (italics

ours) and H. E. Severns for any deficiency which may remain after applying all the proceeds of the sale of said premises properly applicable to the satisfaction of said judgment"; that the minutes of the trial court, dated August 4, 1933, the day the case was tried, show "the court having heard all of the evidence and being fully advised in the matter ordered judgment for the plaintiff and against the defendants as prayed for in the complaint"; that the preamble to the decree of foreclosure reads "Now on application of the plaintiff the Court proceeds to hear the proof adduced in the plaintiff's behalf, and express findings of fact and conclusions of law being waived, finds generally for the plaintiff and against the defendants and each of them, and order the entry of judgment in conformity with the prayer of plaintiff's complaint."

It was adjudged and decreed, among other things, "that the Sheriff of Canyon County, Idaho, shall, and he is commanded to proceed to sell the premises aforesaid in the manner prescribed by law and the practice of this court, or so much thereof as may be necessary to raise the amount due to the plaintiff as aforesaid, plus the costs and accruing costs; and that the said sheriff deliver to the purchaser at such sale a deed to the said premises upon the expiration of the period of redemption provided by law. . . . . that in event the said premises fail to bring sufficient on the said sheriff's sale to discharge the mortgage debt aforesaid with the costs and expenses of sale, that deficiency judgment be docketed herein in conformity with law and the practice of this court."

In substance, then, the record shows: That respondent Orin M. Henry borrowed the sum of $1500.00 from appellant Anna E. Donaldson and gave her his notes to evidence the indebtedness thereby created; that to secure the payment of such notes he executed and delivered a real estate mortgage (joined therein by his wife); that the notes and mortgage were not paid in full and therefore suit was commenced to foreclose the security; that respondent Orin M. Henry was named in the complaint in foreclosure as a defendant and that he was also so named in the decree of foreclosure; that the plaintiff in foreclosure

expressly prayed that judgment be entered against *Orin M. Henry* "for any deficiency which may remain after applying all the proceeds of the sale of said premises properly applicable to the satisfaction of said judgment; that after the application of the proceeds of the sale of the mortgaged property there was a deficiency and that after hearing all of the evidence the trial "court ordered judgment for the plaintiff and *against the defendants as prayed for in the complaint.*" (Italics ours.)

Where, as here, a decree of foreclosure is defective in omitting the name of a defendant shown to be personally liable for the payment of the mortgage debt and, further, where it appears plaintiff in the foreclosure suit prayed for a deficiency judgment against respondent Orin M. Henry, expressly naming him, and that the trial court ordered that plaintiff have judgment *as prayed for in her complaint,* could anything be clearer or more certain than that the court ordered that a deficiency judgment be entered against Orin M. Henry, and that the court thereby necessarily determined that Henry was personally liable for the payment of the mortgage debt. And, furthermore, that the Hon. John C. Rice, the district judge who tried the cause and signed the judgment, intended to pass upon the matter of the personal liability of respondent Orin M. Henry and thought he had done so, is quite convincingly established by his later action in cancelling and vacating an order to stay the execution of the deficiency judgment. Moreover, it must be kept in mind that the mortgaged property was practically worthless and therefore that the principal purpose of the foreclosure of the security was to obtain a deficiency judgment. Hence, we conclude the record brings the case at bar, so far as respondent Orin M. Henry is concerned, within the rule announced by this court in *State v. Winter, supra,* to the effect "that courts always have jurisdiction over their own records to make them conform to the facts and what was actually done at the time."

Our next question is as to whether the record can be so amended as to make respondent H. E. Severns personally liable for the payment of the mortgage debt; therefore

subject to having a deficiency judgment entered against him.

While the facts and circumstances hereinbefore stated touching the personal liability of respondent Orin M. Henry to pay the mortgage debt apply with equal force and point with the same certainty to the personal liability of respondent H. E. Severns. Furthermore, the trial court, by its decree of foreclosure, adjudged that respondent H. E. Severns "assumed and promised to pay the said mortgage debt." Consequently, respondent H. E. Severns is likewise brought within the rule announced by this court in *State v. Winter, supra.*

While in the brief of respondents it is recited, among other things, that on the 26th day of August, 1939, they "filed a motion requesting the trial court to vacate the deficiency upon the grounds that the deficiency judgment was void upon the face of the judgment roll" for certain reasons thereinafter stated, among them "the court failed to determine the reasonable value of the mortgage property as required by the provisions of Chapter 150 of the Session Laws of 1933," and "that said decree of foreclosure fails to show that the amount of the mortgage indebtedness plus costs of foreclosure and sale, is greater than the reasonable value of the property" and that such motion was submitted to Hon. Thomas E. Buckner, Judge of the District Court of the Seventh Judicial District, who thereafter on the 31st day of October, 1939, entered an order vacating the deficiency judgment and directing the clerk to cancel the same upon the judgment docket, and that "this court, upon appeal, affirmed the order of the judge of the district court," the question as to whether a trial court may, without determining the reasonable value of mortgaged property, enter a deficiency judgment in a foreclosure suit, where the proceeds of the sale are not sufficient to pay the mortgage debt, interest and costs, is not either presented nor argued by respondents, nor is the constitutionality of Chapter 150 of the 1933 Session Laws briefed or argued by respondents. Hence, this court will not consider these questions. *Carey v. Lafferty,* 59 Idaho 578, 584,

86 P. 2d 168; *Louk v. Patten*, 58 Idaho 334, 343, 73 P. 2d 949; *Thompson v. Walker*, 56 Idaho 461 464, 55 P. 2d 1300; *Crowley v. Idaho Industrial Training School*, 53 Idaho 606, 26 P. 2d 180; *Winton Lumber Co. v. Kootenai County*, 53 Idaho 539, 26 P. 2d 124; *Harris v. Chapman*, 51 Idaho 283, 5 P. 2d 733; *Merchants Trust Co. v. Davis*, 49 Idaho 494, 290 P. 383; *Estate of Fisher*, 47 Idaho 668, 279 P. 291; *McGrath v. West End Orchard & Land Co.*, 43 Idaho 255, 251 P. 623; *Farrar v. Parrish*, 42 Idaho 451, 245 P. 934; *Nelson v. Johnson*, 41 Idaho 703, 243 P. 649; *Hardy v. Butler*, 39 Idaho 99, 226 P. 669; *Davenport v. Burke*, 27 Idaho 464, 149 P. 511.

It follows the order appealed from must be, and hereby is, reversed, with directions to the trial court to amend the decree entered August 4, 1933, in accordance with the views herein expressed. Costs awarded to appellants.

Budge, C.J., and Givens, Morgan, and Ailshie, JJ., concur.

ON REHEARING
(Filed February 4, 1942)

HOLDEN, J.—Respondents filed a petition for rehearing in this case November 22, 1941. The petition was granted and a rehearing had January 7, 1942. A careful re-examination leads us to adhere to the foregoing opinion.

Givens, C.J., Budge, Morgan, and Ailshie, JJ., concur.