DAMIAN KARPUK, Plaintiff, *v.* CATHERINE KARPUK, Defendant.

Supreme Court, Erie County, November 17, 1941.

No appearance for the plaintiff.

*Grass & Grass,* for the defendant.

CLINTON T. HORTON, Official Referee.   This is a motion for an order directing entry *nunc pro tunc* of an interlocutory judgment of divorce as of January 26, 1922.   The judgment was actually entered on May 24, 1926.   The attorney for the plaintiff died on February 11, 1925, without having entered the judgment which had been granted on the first date above mentioned.   No reason has been given for his failure to do so.   After his death the plaintiff engaged another attorney who obtained permission from the court and entered the judgment on said May 24, 1926.

The action above referred to has been duly referred to me to hear and determine.   Upon the papers and hearing before me, it was shown that the defendant interposed an answer in the divorce action but did not defend at the trial but was informed that the judgment of divorce had been entered against her in January, 1922; that relying on this information and believing that the judgment of divorce furnished no impediment to her marriage outside of the State of New York at any time after April, 1922, she went to Ohio and married her present husband on October 5, 1922; that these two have lived together happily ever since, now own property jointly, and have the custody of the two children of the first marriage, one of them having been adopted by the present husband, and that she learned only this summer that the judgment of divorce had not been entered until over three years after her marriage.   She has made this motion in the belief that by this means she can make legal her marriage to her present husband.

There is no doubt of the court's power to direct the entry of judgments or orders *nunc pro tunc* to correct a record or in further-

ance of justice where the failure to enter was due to accident or excusable oversight or mistake. (*Jewett* v. *Schmidt*, 108 App. Div. 322; *Guarantee Trust Co.* v. *Philadelphia, R. & N. E. R. R. Co.*, 160 N. Y. 1.) I believe, however, that this power of the court should be used sparingly and only when the right of the moving party to ask it is crystal clear. While there are practical reasons to urge such action by the court in the present case, such as the good faith of the defendant so far as the statutory time limit was concerned in her marriage to her present husband, her eighteen years of happy married life with him right up to date, and his presence in court for the purpose of assisting her in every way possible, yet it seems to me that the legal arguments against granting this motion are unanswerable. The defendant is here asking the court to further her efforts to legalize a marriage which this court by its judgment has expressly forbidden and which was entered into with the appearance of legality only because the parties adopted the expedient so often used of going outside the jurisdiction of the court to have it solemnized. The application is made not by the party who procured the judgment but by the adverse party, and no reason or excuse for the delay in entering it has been given. Under these conditions I can see no warrant for granting this motion.

An added reason for my decision in this is the fact that I cannot see that the order if granted would have the desired result. By statute this marriage was absolutely void when it was entered into. (Dom. Rel. Law, § 6.) In my opinion the court cannot by a *nunc pro tunc* order for the entry of the judgment of divorce give life to something that was dead at the time it was supposed to come into being. Under our statutes the divorce became complete three months after the *entry* of the interlocutory judgment. Such entry of judgment was, therefore, not a mere formality but rather a vital step in the proceedings for divorce, and until that step was taken and the required time thereafter elapsed a marriage by either party to a third person was void *ab initio* and cannot be revitalized.

The simplest way for defendant and her present husband to extricate themselves from their dilemma would be by a formal remarriage under circumstances that would be lawful in every way. The court cannot aid them in this proceeding.

Motion denied.