Weygandt, C. J.
 

 On November 21, 1947, in the Court of Common Pleas of Fayette County the relator’s wife filed a petition for a divorce, alimony and custody of their minor child.
 

 On December 16, 1947, the relator, having been duly
 
 *24
 
 served with, a summons, filed an answer to his wife’s petition.
 

 On March 12, 1948, the parties and their counsel appeared in court and a hearing was had before the respondent judge.
 

 The cause was continued from time to time until June 15, 1948, when counsel for the plaintiff appeared in court and asked the respondent judge whether he would object if the plaintiff voluntarily dismissed her suit in order that she might institute a similar action in the Court of Common Pleas of Greene County, Ohio, to which county she had removed her residence. The respondent judge stated that he had no objection thereto; and thereupon he approved a journal entry dismissing the plaintiff’s case at her costs.
 

 Two days later the plaintiff instituted a similar action in the Court of Common Pleas of Greene County. However, that court subsequently dismissed the suit upon being advised that the previous case had been heard and submitted in the Court of Common Pleas of Fayette County before its dismissal therein by the plaintiff.
 

 Thereafter on September 3, 1948, counsel for each party appeared before the respondent judge and reported the dismissal of the Greene county suit by the court of that county. At the request of the then counsel for the defendant and with the consent of counsel for the plaintiff the respondent judge immediately ordered that the dismissal entry of June 15, 1948, be vacated and set aside. Counsel for the defendant then prepared an entry in conformity with the order of the court, but inadvertently the entry was placed among the other papers in the case and was not signed by the respondent judge or entered on the journal of the court. These omissions were discovered on January 10, 1949, at which time the respondent judge with the consent of counsel for each party signed and filed an entry vacating the dismissal of June 15, 1948; and
 
 *25
 
 on the following day he signed a decree in favor of the plaintiff.
 

 However, the respondent judge and the then counsel continued their efforts to effect a reconciliation between the parties but were unsuccessful. On July 25, 1949, the respondent judge issued an order requiring the defendant to show cause why he should not be punished for contempt of court for failure to pay the sum of $5 per week for the support of his minor child, as ordered by the court. Then on October 3, 1949, the respondent judge signed the following
 
 nunc pro tunc
 
 entry:
 

 “it appearing to the court that heretofore on the 15th day of June, 1948, an entry was filed in which the plaintiff attempted to dismiss her case at plaintiff’s costs; that on the 3rd day of September, 1948, the court made the following order:
 

 “ ‘It is ordered and adjudged by the court on its own motion that the journal entry of dismissal heretofore entered in this case on June 15,1948, be and the same is hereby set aside, vacated and held for naught and this case is continued.’
 

 “And it appearing to the court that said order was duly made by this court on said date, at the April term, 1948, but that'the same was through inadvertence not entered at said time, the court now orders that this order be now entered by the clerk of this court upon the journal of this court as of the date of September 3, 1948, and the April term of said court. Approved; October 3, 1949. H. M. Rankin, Judge.”
 

 Present counsel for the relator (defendant in the divorce action) insists that the respondent judge lost jurisdiction over both the parties and the subject matter at the close of the April, 1949, term of court during which the divorce action was dismissed at the request of the plaintiff. Hence, it is urged that all the orders and entries of the respondent judge subsequent to the dismissal were nullities.
 

 
 *26
 
 The amount of bitterness and confusion engendered by this unfortunate controversy seems unusual even for a divorce case. This may be the explanation of the failure of present counsel for the relator to observe that a new term of court did
 
 not
 
 intervene between-the dismissal and the date it was ordered vacated. The divorce case was dismissed on June 15, 1948, and this entry was ordered vacated on September 3,1948 — both
 
 within
 
 the April term of court and the latter order was made at the
 
 request
 
 of the then counsel for the relator, the defendant in the divorce action.
 

 It would seem that these decisive facts should estop present counsel from any complaint whatsoever with reference thereto. However, it is insisted that the court was without authority to approve the subsequent
 
 nunc pro time
 
 entry relating to the unjournalized order of September 3, 1948, and also was without authority to cite the relator for contempt of court for failure to pay the sum of $5 per week for the support of his minor child.
 

 On numerous occasions this court has expressed its adherence to the general rule that courts of record possess inherent common-law power to enter
 
 nunc pro tunc
 
 judgments or orders for the subsequent recording of judicial action previously and actually taken.' In the opinion in the case of
 
 National Life Ins. Co.
 
 v.
 
 Kohn,
 
 133 Ohio St., 111, 11 N. E. (2d), 1020, it was said:
 

 “It is elementary that courts possess inherent common-law power to enter judgments or orders
 
 nunc pro tunc
 
 in proper cases. The phrase meaning simply ‘now for then’ is accurately descriptive. The general purpose of such an entry is to record a prior but unrecorded act of the court. In other words, the power to make
 
 nunc pro tunc
 
 entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth.
 
 Reinbolt
 
 v.
 
 Reinbolt,
 
 112 Ohio St., 526 * * *."
 

 
 *27
 
 In the instant controversy the court actually ordered the dismissal of the divorce case vacated on September 3, 1948. However, the entry inadvertently was placed among the papers in the case without being signed or journalized. The respondent judge had not only the authority but the duty to correct this omission after it was discovered.
 

 Finally, it is urged that the respondent judge is in contempt of this court for violating the alternative writ of prohibition allowed at the inception of this original action. He was prohibited temporarily from hearing or deciding the contempt charges against the relator, or any matter in connection therewith. The only evidence on this point clearly discloses that the judge has neither heard nor decided anything relating to the charges against the relator.
 

 The peremptory writ of prohibition is denied.
 

 Writ denied.
 

 Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.