720 P.2d 223

Odetta M. WARD and Dorothy Kelby, Plaintiffs-Respondents-Cross-Appellants,

v.

Eddie LUPINACCI, Frank Lupinacci, and Wood By-Products, Inc., an Idaho corporation, Defendants-Appellants-Cross-Respondents.

No. 15922.

Court of Appeals of Idaho.

May 30, 1986.

Petition for Review Denied July 30, 1986.

James W. Givens, Lewiston, for defendants-appellants-cross-respondents.

Daniel L. Spickler, Rapaich, Knutson & Stellmon, Lewiston, for plaintiffs-respondents-cross-appellants.

BURNETT, Judge.

This case presents two questions. First, does a trial court have jurisdiction to enter judgment on a verdict if twenty-three months have elapsed since the verdict was returned? Second, if failure to enter the judgment without delay was simply an oversight, should the judgment now be made nunc pro tunc? For reasons explained below, we answer both questions in the affirmative.

These issues are framed by undisputed facts. Odetta Ward and Dorothy Kelby sued Wood By-Products, Inc., together with Eddie and Frank Lupinacci, for damages arising from a motor vehicle accident. The defendants referred the claim to their in-

surance company. However, in a separate action for a declaratory judgment, the claim was held to be outside the scope of insurance coverage. *See Mutual of Enumclaw Insurance Co. v. Wood By-Products, Inc.,* 107 Idaho 1024, 695 P.2d 409 (Ct.App.1984).

While the insurance dispute was pending, the instant case was tried. The jury returned an interrogatory verdict, finding that Eddie Lupinacci, an employee of Wood By-Products, negligently had operated a motor vehicle, proximately causing damage to the plaintiffs in the sum of $61,600. The judge accepted the verdict in open court, ordered it to be filed, and discharged the jury. No post-trial motions challenging the verdict were submitted. Costs and attorney fees eventually were awarded to the plaintiffs.

Nearly two years later, after the insurance litigation had run its course, plaintiffs' counsel undertook to collect upon the defendants' liability. He then found that no judgment ever had been entered upon the verdict. Counsel moved for entry of a judgment, asking that it be made nunc pro tunc. The defendants resisted the motion, arguing that the court had lost jurisdiction to enter any judgment and, even if jurisdiction existed, the judgment should not be nunc pro tunc. The district judge ruled that the court possessed jurisdiction to enter judgment but he declined to give the judgment nunc pro tunc effect. The defendants appealed, reiterating their argument concerning lack of jurisdiction. The plaintiffs cross-appealed, contending that the district court abused its discretion by failing to grant the full relief sought.

I

■ We first consider the issue of jurisdiction. The defendants invite our attention to Rule 58(a), I.R.C.P. That rule provides, in pertinent part, as follows: "Unless the court otherwise directs ... judgment upon the verdict of the jury shall be entered *forthwith* by the clerk; but the court shall direct the appropriate judgment be entered upon a special verdict...." (Emphasis added.) [1] The defendants assert that unless judgment is entered "forthwith"—or at least within a reasonable time—the court loses its power to enter any judgment at all. Unfortunately for the defendants, their able counsel has been unable to cite an Idaho decision so holding. Although counsel urges that a jurisdictional cutoff is implied or "suggested" by the rule, we disagree. As a matter of policy, any jurisdictional consequence of a rule should be plainly expressed in the rule itself. Loss of jurisdiction should not be a subtle creature of inference, lurking as a threat to the unwary. Moreover, rules and statutes similar or analogous to Rule 58(a) have been held directory, not jurisdictional. *E.g., Western Savings & Loan Association v. Diamond Lazy K Guest Ranch, Inc.,* 18 Ariz.App. 256, 501 P.2d 432 (1972); *State v. Vella,* 213 Or. 386, 323 P.2d 941 (1958).

■ When a court properly acquires jurisdiction over the parties, and over the subject matter of a controversy, that jurisdiction continues until extinguished by some event. The court's power to enter judgment, and even to correct a judgment or the record so that it accurately reflects action taken by the court, "is not lost by the lapse of time." *Donaldson v. Henry,* 63 Idaho 467, 473, 121 P.2d 445, 447 (1942), *quoting State v. Douglass,* 35 Idaho 140, 147, 208 P. 236, 238 (1922). In this case we conclude that the district court had jurisdiction to enter judgment upon the verdict, despite the unusual lapse of time.

II

■ We now turn to the plaintiffs' contention that the judgment should have been entered nunc pro tunc. This Latin phrase literally means "now for then." When used in a judgment, the phrase signifies a relation back to a designated date, indicating that the judgment will be given anteri-

---

1. The parties on appeal have debated whether the interrogatory verdict in this case was a "special" verdict, placing the initial responsibility under Rule 58(a) upon the "court," or a general verdict, placing initial responsibility upon the "clerk." Because we hold, *infra,* that the judge is ultimately responsible in any event, we need not decide which description of the verdict is more accurate.

or effect. In this case the anterior effect sought by the plaintiffs is an accrual of interest on the judgment from the date when it should have been entered.[2]

The decision to give, or not to give, a judgment nunc pro tunc effect is said to be vested in the sound discretion of the trial court. *State v. Rider*, 201 La. 733, 10 So.2d 601 (1942). *See generally* 49 C.J.S. *Judgments* § 259 (1947); 46 AM.JUR.2D *Judgments* §§ 186–198 (1969). Accepting that characterization for the sake of discussion, our next inquiry is whether the court in this case exercised its discretion consistently with applicable rules of law. The district judge explained his decision as follows:

> It has been the intent, it has been the practice of this Court and as far as I'm— to my knowledge to other courts of the state that a judgment is usually prepared by the prevailing party on a jury verdict and that until the judgment is entered the events which are triggered by the entry of a judgment do not start to take place.
>
> . . . .
>
> It was my intent that at a later time a judgment would be presented to me in compliance with the jury verdict and that time I would sign it.
>
> . . . .
>
> The judgment nunc pro tunc should be entered in order to reflect some action that was actually taken or to reflect what has happened to put the record into a state as to show what actually happened at a time that has passed.
>
> I find that to grant the judgment nunc pro tunc at this time would not reflect what actually happened and as far as I'm concerned and for that reason ... I'm going to deny your motion.

This explanation reflects a tension between two sets of seemingly antipodal rules or practices. The first conflict relates to the circumstances in which nunc pro tunc orders or judgments are appropri-

ate. It is widely held that such judgments may be entered in furtherance of justice where failure to enter an earlier judgment was due to accident, excusable oversight or mistake. *See, e.g., Briseno v. Perry*, 417 So.2d 813 (Fla.Dist.Ct.App.1982); *Hunt v. Williams*, 104 Ga.App. 442, 122 S.E.2d 149 (1961); *State v. Hatley*, 72 N.M. 377, 384 P.2d 252 (1963); *Karpuk v. Karpuk*, 177 Misc. 729, 31 N.Y.S.2d 769 (1941); *State v. Rankin*, 154 Ohio St. 23, 93 N.E.2d 281 (1950); *Grizzard v. Fite*, 191 S.W. 969 (Tenn.1917). However, it also has been stated that a judgment may not be given nunc pro tunc effect to correct a judicial error, as opposed to a clerical error; neither may it contain a ruling or recite an event that did not actually occur. *E.g., Donaldson v. Henry, supra; Fall River Irrigation Co. v. Swendsen*, 41 Idaho 686, 241 P. 1021 (1925); *In re Tabery*, 14 Wash. App. 271, 540 P.2d 474 (1975).

The second conflict relates to responsibility for seeing that a judgment is timely entered. Evidently, it has been a practice of the court below—and of many trial courts in Idaho—to enter judgment when the appropriate instrument is prepared and submitted by the prevailing party. The custom of obtaining such assistance from prevailing parties is recognized by Rule 77(d), I.R.C.P., which requires a party preparing a judgment to furnish copies, along with addressed envelopes and postage, to the court for service by mail. But Rule 58(a), quoted above, provides that the "court," or in some instances the "clerk," must enter judgment "forthwith."

We believe these apparent conflicts can and should be reconciled. The availability of nunc pro tunc relief to achieve justice is not entirely defeated by the cited cases that declare a prohibition against correcting judicial errors or reciting events that did not occur. In *Donaldson v. Henry, supra*, our Supreme Court allowed correction of a defective decree of foreclosure, nunc pro tunc, in order to remedy a failure to designate the party personally liable for

---

2. The parties have not asked us to decide whether the jury's award of damages represented money that had become due, entitling the plaintiffs to interest at the nonjudgment rate under

I.C. § 28–22–104. Our holding on the question of nunc pro tunc relief makes it unnecessary for us to consider reaching that question *sua sponte*.

the mortgage debt. The Supreme Court noted that the trial judge fully intended to make such a designation in the original decree and thought he had done so. Similarly, the Washington court in *In re Tabery, supra,* upheld the granting of nunc pro tunc relief. There the trial judge had pronounced a divorce in open court but one of the parties died before the written decree was entered. The decree was given nunc pro tunc effect, consistent with the court's original intent, in order to achieve justice in distributing the decedent's estate. Conversely, in *Fall River Irrigation Co. v. Swendsen, supra,* our Supreme Court upheld a *refusal* to modify a water rights decree nunc pro tunc because the amendment was *not* shown to reflect the factfinder's original intent. In each case, the issue of nunc pro tunc relief turned upon a determination of intent.

Here, the trial judge undoubtedly intended to enter judgment upon the verdict for the plaintiffs. He also intended plaintiffs' counsel to present the judgment in keeping with a local custom. He evidently contemplated a short delay for this purpose. But we cannot, and do not, read his remarks to mean that he intended to wait twenty-three months. Indeed, as mentioned at the outset of this opinion, he awarded costs and attorney fees to the plaintiffs during the interim.

We ascribe to the district judge no intent to disregard the duty imposed upon him as the "court," or as a judicial officer responsible for directing the court-related activities of the "clerk," to see that judgment is entered "forthwith" upon the verdict, pursuant to Rule 58(a). Although a judge may seek assistance from a prevailing party in preparing the judgment, it remains emphatically the province and the responsibility of the judge to ascertain that the judgment is timely entered. *See Gulf, C. & S.F. Ry. Co. v. Canty,* 115 Tex. 537, 285 S.W. 296 (App.Comm.1926). We are confident that the district judge in this case understood his duty, and that the delay was simply the product of an oversight.

In *Mitchell v. Overman,* 103 U.S. (13 Otto) 62, 64–65, 26 L.Ed. 369 (1881), the United States Supreme Court, speaking through Justice Harlan, declared:

> [W]here the delay in rendering a judgment or a decree arises from the act of the court, ... the judgment or decree may be entered retrospectively, as of a time when it should or might have been entered up.... *[I]t is the duty of the court to see that the parties shall not suffer by the delay.* A nunc pro tunc order should be granted or refused, as justice may require in view of the circumstances of the particular case. [Emphasis added.]

In this case we believe justice requires the judgment to be nunc pro tunc.[3] No unfair prejudice from such relief has been shown by the defendants. They will be required to pay interest at the judgment rate for a period when the judgment was believed to be outstanding, when it should have been outstanding, and when the defendants had continued use of the money. We conclude that the trial court abused its discretion in denying nunc pro tunc relief. The judgment should be modified to specify that it is nunc pro tunc to a date, selected by the district court, when judgment ordinarily would have been entered pursuant to Rule 58(a).

The judgment is affirmed as so modified. Costs to respondents/cross-appellants, Ward and Kelby. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**3.** The defendants have cited cases holding that nunc pro tunc relief may be withheld where delay has resulted from the fault of the party seeking relief. *E.g., Wells v. Coca Cola Bottling Company of Fresno,* 140 Cal.App.2d 218, 294 P.2d 955 (1956); *Perdew v. Perdew,* 99 Colo. 544, 64 P.2d 602 (1937). It cannot be gainsaid that the plaintiffs were somewhat at fault here. However, in light of our holding that the court is independently responsible for timely entry of judgment upon the verdict, we deem this line of authority to be inapposite.