**480 Amsterdam Ave. L.L.C. v Haim Lalo**

2024 NY Slip Op 31367(U)

April 18, 2024

Supreme Court, New York County

Docket Number: Index No. 158259/2023

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. EMILY MORALES-MINERVA

PART   42M

*Justice*

------------------------------------------------------------------X

480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY

Plaintiff,

- v -

HAIM LALO,

Defendant.

------------------------------------------------------------------X

INDEX NO.   158259/2023

MOTION DATE   02/08/2024

MOTION SEQ. NO.   (OSC) 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16

were read on this motion to/for           SERVICE NUNC PRO TUNC           .

APPEARANCES:

  Fischman & Fischman, New York, New York, (by counsel, Doreen J. Fischman, Esq.), for plaintiff

  Adam Leitman Bailey, PC, New York, New York (by counsel, Carolyn Z. Rualo, Esq.), for defendant

HON EMILY MORALES-MINERVA:

In this breach of contract action, plaintiff 480 AMSTERDAM AVENUE LIMITED

LIABILITY COMPANY, moves, by order to show cause, seeking an order, pursuant to CPLR

§ 306-b, to extend time to serve defendant HAIM LALO, or in the alternative, deem defendant

HAIM LALO timely served *nunc pro tunc*[1] with the Summons and Complaint on January 12,

2024, or in the alternative, that prior attempts to serve Defendant are deemed proper service *nunc*

*pro tunc*. This motion was submitted for determination on March 18, 2024.

---

[1] "The nature of nunc pro tunc relief is to correct procedural irregularities where there is no prejudice to third parties." Gletzer v Harris, 51 AD3d 196, 204 [1st Dept 2008]; see Jewett v Schmidt, 108 App Div 322, 325, 95 NYS 631 [1905], *affd* 184 NY 608, 77 NE 1189 [1906]; 49 CJS, Judgments § 124

**158259/2023   480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY vs. LALO, HAIM**
**Motion No.  001**

Page 1 of 7

1 of 7

## BACKGROUND

Plaintiff initiated this action by filing a Summons and Verified Complaint on August 20, 2023. Plaintiff is the owner of the building located at "480 Amsterdam Avenue a/k/a 201 West 83rd Street, New York, New York 10024" ("building"). Plaintiff rented a commercial space in the building to Café Lalo, Inc. ("tenant"), pursuant to an assignment and assumption of lease, dated September 12, 1995. Plaintiff alleges that defendant HAIM LALO, is the sole principal and officer of the tenant, Café Lalo, Inc. Plaintiff alleges Defendant executed a guaranty of the lease, in which HAIM LALO "individually and personally guaranteed to Plaintiff the full performance and payment of rent, additional rent and other obligations".[2]

The tenant continues to occupy the commercial space and allegedly owes rental arrears in the amount of $107,194.99, in breach of the lease agreement. This amount represents the base rent and additional rent due through August 31, 2023.

Plaintiff asserts that the tenant is not currently open for business, so they were unable to effectuate service of the Summons and Verified Complaint at defendant's actual place of business. Thereafter, plaintiff hired an investigator to find defendant's dwelling place or usual place of abode. Plaintiff states that they found several potential addresses including "15 Central Park West, Unit 2E, New York, New York", "1 Columbus Place, S37E, New York, New York", and "455 Grand Bay Drive, #882, Key Biscayne, Florida". Plaintiff researched each of these addresses and found that the Florida address appeared to be Defendant's most recent residence as defendant obtained a Florida driver's license on December 18, 2020, which is still active, and defendant is registered to vote in Florida. Plaintiff attempted to serve Defendant at the Florida

---

[2] Summons and Verified Complaint, dated August 18, 2023, paragraph 5. The Court notes that the lease, guaranty, and rent ledger are not annexed to the Summons and Verified complaint.

**158259/2023  480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY vs. LALO, HAIM**
**Motion No. 001**

**Page 2 of 7**

2 of 7

residence on September 18, 2023, and October 2, 2023, but was unsuccessful at effectuating service. (see affirmation in support, return of non-service, exhibit A). In December 2023, Plaintiff hired another process server to attempt to serve defendant in Florida but was unsuccessful on December 28, 2023, and December 29, 2023. (see affirmation in support, affidavit of non-service, exhibit B). Plaintiff was unable to serve Defendant HAIM LALO until January 12, 2024, when he was personally served pursuant to CPLR § 308(1), after the statutory period of 120 days pursuant to CPLR § 306-b.

Defendant filed a Verified Answer with Affirmation Defenses on February 1, 2024. Defendant's first affirmative defense asserts that this action must be dismissed due to Plaintiff's failure to effectuate service within the statutory timeframe of 120 days pursuant to CPLR § 306-b.

Now, plaintiff 480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY, moves, seeking an order, pursuant to CPLR § 306-b, to extent time to serve defendant HAIM LALO, or in the alternative, that defendant HAIM LALO is deemed timely served *nunc pro tunc* with the Summons and Complaint on January 12, 2024, or in the alternative, that prior attempts to serve Defendant in Florida are deemed proper service *nunc pro tunc*.

In opposition, Defendant asserts that Plaintiff fabricated a reason to lure Defendant to the building to be served with process on January 12, 2024. Therefore, Defendant argues that Plaintiff should not be entitled to a curative order allowing them an extension of time to serve or *nunc pro tunc* relief. In the alternative, Defendant asserts this matter should be scheduled for a hearing.

158259/2023   480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY vs. LALO, HAIM
Motion No. 001

Page 3 of 7

3 of 7

As discussed below, Plaintiff's motion, seeking an order pursuant to CPLR § 306-b, extending time to serve Defendant HAIM LALO is granted. Plaintiff's motion is otherwise denied.

EXTENSION OF TIME TO SERVE

CPLR § 306-b provides, in pertinent part, that where service is not made upon a defendant within 120 days after commencement of the action, "the court, upon motion, shall . . . upon good cause shown or in the interest of justice, extend the time for service." An extension of time for service is a matter within the court's discretion (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001].

CPLR § 306-b "requires a showing of 'good cause' why service was not made within the time provided in the section . . .. [S]uch extensions should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service (Senate Mem in Support of L 1997, ch 476, 1997 McKinney's Session Laws of NY, at 2457; *see,* 1997 NY Legis Ann, at 319). There is no mention of a requirement of a showing of merit." (Campbell v Starre Realty Co., 283 AD2d 161, 161-162 [1st Dept 2001]; Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 977-978 [2d Dept 2023] ["Good cause requires a showing of reasonable diligence in attempting to effect service"].

CPLR § 306-b also allows for an extension of time to serve in the "interest of justice" which the court may consider "the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its

158259/2023  480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY vs. LALO, HAIM          Page 4 of 7
Motion No. 001

4 of 7

determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant". (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]).

Here, Plaintiff made a showing of reasonable diligence in attempting to serve defendant within the statutory timeframe and ultimately did effectuate service approximately three weeks after the statutory deadline. Plaintiff establishes good cause as to why service was not made within the provided timeframe and for an extension of time to serve the Summons and Verified Complaint.

In opposition, Defendant asserts that Plaintiff fabricated a reason to lure defendant to the building to be served with process. Therefore, Defendant argues that Plaintiff should not be entitled to a curative order allowing them an extension of time to serve or *nunc pro tunc* relief. In the alternative, defendant asserts this matter should be scheduled for a hearing.

Defendant filed a Verified Answer with Affirmative Defenses on February 1, 2024, which does not assert lack of personal jurisdiction as an affirmative defense but only non-compliance with CPLR § 306-b.[3] CPLR § 306-b requires defendant to make a motion to dismiss if they are challenging service. (see Henneberry v Borstein, 91 AD3d 493, 495 [1st Dept 2012]). To date, no motion has been made.

Further, pursuant to CPLR 320 "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211".

---

[3] CPLR 3211[e] provides that a motion to dismiss asserting lack of personal jurisdiction of the defendant, is waived "if a party moves on any of the grounds set forth in subdivision (a) of this rule without raising such objection or if, having made no objection under subdivision (a) of this rule, he or she does not raise such objection in the responsive pleading . . .".

**158259/2023  480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY vs. LALO, HAIM**            **Page 5 of 7**
**Motion No. 001**

Defendant makes no showing of prejudice by any delay in service and is on notice of this suit as they filed an Answer in this action. Therefore, the Court finds defendant's argument in opposition to extending Plaintiff's time to serve the Summons and Verified Complaint unavailing.

As to Plaintiff's request to have *nunc pro tunc* relief deeming personal service on January 12, 2024, timely, the Court was not provided with any authority to support this contention. "The function of orders *nunc pro tunc* is to correct irregularities in the entry of judicial mandates or like procedural errors. . . . While a court may record an existing fact *nunc pro tunc*, it cannot record a fact as of a prior date when it did not then exist." (Mohrmann v Kob, 291 NY 181, 186 [1943]). Therefore, the Court declines to deem service on January 12, 2024, timely as it was outside the statutory 120-day period, pursuant to CPLR § 306-b.

Accordingly, it is

ORDERED that plaintiff 480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY's order to show cause, seeking an order pursuant to CPLR § 306-b, to extend time to serve the Summons and Verified Complaint, is granted; it is further

ORDERED that plaintiff 480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY's time to serve defendant HAIM LALO with the Summons and Verified Complaint is extended an additional sixty (60) days from the date herein to effectuate service; it is further

ORDERED that plaintiff AMSTERDAM AVENUE LIMITED LIABILITY COMPANY's order to show cause, seeking an order, in the alternative, for *nunc pro* tunc relief deeming service on January 12, 2024, timely, or that prior attempts to serve defendant in Florida be deemed proper, are denied.

**158259/2023   480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY vs. LALO, HAIM**
Motion No. 001

**Page 6 of 7**

6 of 7

This constitutes the Decision and Order of the Court.

DATE: 04/18/2024

EMILY MORALES-MINERVA, JSC

Check One:  ☐ Case Disposed  ☒ X  Non-Final Disposition

Check if Appropriate:  ☐ Other (Specify _____ )

**158259/2023  480 AMSTERDAM AVENUE LIMITED LIABILITY COMPANY vs. LALO, HAIM**
**Motion No.  001**

Page 7 of 7

7 of 7